UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Andowane Grier, *a/k/a Tony Andwoane Grier*, | ) C/A No. 9:16-148-TMC-BM ) ) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** ) |
| vs. | ) ) |
| Linda Thomas, *F.C.I. Edgefield*, | ) ) |
| Respondent. | ) |

The pro se Petitioner, Tony Andowane Grier, brings this application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v.

---

[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].



Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Serve., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner, an inmate at FCI-Edgefield, asserts that he was "sentence[d] under the Residual Clause that the Supreme Court ruled vague and unconstitutional." Petition, ECF No. 1 at 6. He states that he was charged in the Western District of North Carolina with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g); pled guilty "to Count 1, that Count 2 would be dismissed"; and was sentenced (on November 20, 2007) to 188 months imprisonment. Id. at 1-2. On December 15, 2008, the Fourth Circuit affirmed Petitioner's sentence. United States v. Grier, 305 F. App'x 78 (4th Cir. 2008). Petitioner checked "No" to the question of whether he had previously filed any petitions, applications or motions with respect to his judgment (other than his direct appeal). ECF No. 1 at 3. However, on January 20, 2016 (after the filing of this Petition), the Honorable Robert J. Conrad, Jr., United States District Judge for the Western District of North Carolina, granted the government's motion for a reduction of Petitioner's sentence (for



2

substantial assistance) pursuant to Fed. R. Crim. P. 35 and reduced Petitioner's sentence to 152 months imprisonment.[2]

Petitioner argues that in light of Johnson v. United States, 135 S.Ct. 2551 (2015)[declaring the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), unconstitutionally vague], that prior convictions used to enhance a defendant's sentence under the ACCA or as a Career Offender[3] under the United States Sentencing Guidelines (USSG) are unconstitutional. The Supreme Court recently held that the Johnson decision announced a substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016); see also In Re Robinson, __ F.3d __, No. 16-11304, 2016 WL 1583616, at *1 (11th Cir. Apr. 19, 2016). He also asserts that this Fifth and Sixth Amendment rights were violated. ECF No. 1 at 6; Memorandum in Support of Petition, ECF No. 1-1 at 3-11.

---

[2] The Court may also take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].

[3] A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence," "controlled substance offense," and "felony" are defined in USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offense is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).



3

This petition is subject to dismissal because it is "well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255," not through a petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3. In this case, however, there is no plausible allegation that the savings clause permits Petitioner to bring his claims under § 2241.



4

First, it appears that Petitioner has not even filed a § 2255 action with the sentencing court to permit it to review his claims for relief. Courts require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause." See Hernandez v. Drew, 371 F. App'x 991, 993 (11th Cir. Apr. 7, 2010)[noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition.]; Dinkins v. Thomas, No. 8:15-490-RMG, 2015 WL 1877434, at *4 (D.S.C. April 23, 2015); Hackett v. Atkinson, No. 9:13-1274-JFA-BM, 2013 WL 3972393, at *3 (D.S.C. July 31, 2013). Further, Petitioner cannot meet the second prong of In re Jones (that subsequent to his appeal and first § 2255 motion the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal) because he has not alleged (or shown) that he has even filed a first § 2255 motion. Accordingly, Petitioner cannot demonstrate that relief under § 2255 is "inadequate or ineffective."[4]

However, rather than dismiss this case, the undersigned finds it in the interest of justice to recharacterize this § 2241 habeas petition as a motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375, 381 (2003) ["Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . . to avoid an unnecessary dismissal . . . ."]. Because the AEDPA's one-year statute of limitations in 28 U.S.C. § 2255(f)[5] may be an issue in this case, it is appropriate to recharacterize the Petition rather

---

[4]"[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual [may be] procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5.

[5]The statute provides:
A 1-year period of limitation shall apply to a motion under this section. The
(continued...)

5

than dismiss it without prejudice because of the proximity of the running of the one-year time clock.[6] To the extent that Johnson applies to the Petitioner,[7] it appears that the one-year period statute of limitations began on June 26, 2015, when the Supreme Court decided Johnson. See Dodd v. United States, 545 U.S. 353, 359 (2005)[holding that the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[ ]"].

If the Court accepts this recommendation and recharacterizes this action as a § 2255 petition, this Court should then transfer the motion to "the court which imposed the sentence . . . ." See 28 U.S.C. § 2255(a); 28 U.S.C. § 1631 [providing that "the court shall, if it is in the interest of

---

[5](...continued)
limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[6]This undersigned makes no finding as to the timeliness and/or merits of any claims Petitioner may allege under § 2255. The sentencing court may ultimately determine that Petitioner's § 2255 action is time barred. However, the government may also waive the statue of limitations or Petitioner may be able to establish that § 2255(f)(2)-(4) applies. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013)[where a Petitioner filed his § 2255 Petition four years after his conviction, pursuant to Simmons because he did not have a qualifying predicate conviction, the government waived the statute of limitations].

[7]This undersigned also makes no determination as to whether Petitioner is entitled to relief pursuant to Johnson.



6

justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."]; see also Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) [finding that instead of dismissing the § 2241 petition, the interest of justice required the district court to transfer it to the sentencing court because if a petitioner were to file a new § 2255 motion in that district the claims likely would be time-barred].

Finally, if this case is recharacterized as a § 2255 action, Petitioner is informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).[8]  As such, if Petitioner does not wish to proceed under § 2255, he may withdraw this Petition by informing the Court in writing of his intent to voluntarily dismiss this action. See Fed. R. Civ. P. 41(a)(1)[prior to the entry of an answer or motion for summary judgment by the opposing party, an action may be voluntarily dismissed by filing a notice of dismissal]. Alternatively, if Petitioner wishes to proceed under § 2255, he may seek leave to amend the Petition so that it contains all of the § 2255 claims he wants to assert. See Castro, 540 U.S. at 383 [listing the notice requirements that must be provided to a petitioner prior to recharacterization]; United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008).

---

[8]A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h).



7

## **RECOMMENDATION**

Based on the foregoing, it is recommended that, after providing Petitioner with the proper notice and opportunity to respond as required by United States v. Castro, 540 U.S. 375 (2003), the Court recharacterize this § 2241 petition as a § 2255 case, and this case be transferred to the United States District Court for the Western District of North Carolina for all further proceedings.[9]

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

May 3, 2016
Charleston, South Carolina

---

[9] As the Petitioner cites Johnson v. United States, 135 S.Ct. 2551 (2015) as the basis for his requested relief, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9,2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See Standing Order No.3: 15-mc-325-TL W (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson].

8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


